# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAYMOND TIBBETTS,

       Plaintiff,                  :        Case No. 1-03-cv-114

                                       District Judge Susan J. Dlott
   -vs-                                Chief Magistrate Judge Michael R. Merz

                                :

MARGARET BRADSHAW, Warden,

       Defendant.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

       This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 45) to the Magistrate Judge's Report and Recommendations (Doc. No. 44) recommending that the Petition be denied. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

       Petitioner initially pled thirty grounds for relief. The following grounds for relief were withdrawn or conceded: 1, 2, 6, 10, 11, 12, 17, 18, 20, 21, 22, 23, 24, 25, 26, and 27. The Magistrate Judge recommended denial of relief on all the remaining grounds (3, 4, 5, 7, 8, 9, 13, 14, 15, 16, 19, 28, 29, and 30). Petitioner has now filed objections on grounds 3, 4, 5, 8, 9, 19 (in part) and 29. Petitioner acknowledges that this means the Court will adopt the Report and Recommendations as to the other non-objected-to claims (7, 13, 14, 15, 16, 28, and 30) for lack of objection (Objections, Doc. No. 45 at 3). Analysis is offered here only on the Claims for Relief as to which Petitioner has made objection.

**Third Claim for Relief**

> Petitioner's right to due process was violated by the ineffective assistance of counsel at trial when legal counsel failed to present a defense of voluntary intoxication.

In his third ground for relief Tibbetts argued that his rights were violated as a result of ineffective assistance of counsel in their failure to present a defense of voluntary intoxication during the guilt portion of his trial. (Petitioner's Objections, Doc. No. 45 at 11-16.) The Magistrate Judge recommended that the ground be denied as Petitioner was not able to show prejudice. (Report and Recommendations, Doc. No. 44 at 33-36.) In response to Petitioner's argument, the Warden asserts that the Report was in fact proper as a voluntary intoxication defense was simply not viable. (Respondent's Response, Doc. No. 47 at 6-7.) Further, the Respondent argues that both the experts presented during the evidentiary hearing admitted that they did not know the amount of substances Tibbetts had consumed around the time of the murders or if he was in fact was intoxicated. *Id*. at 7. As a result, Tibbetts is unable to demonstrate that there was a reasonable probability of a different result. *Id*.

Petitioner correctly points to an erroneous statement in the Report and Recommendations. At p. 36 the Report states "[t]he decision of the state courts was neither contrary to nor an unreasonable application of law." This statement implies – incorrectly – that the Magistrate Judge's analysis of this ground is deferential to the state court conclusion. In fact, the analysis of this Claim for Relief is properly de novo and that is the analysis which was performed, despite insertion of this conclusory language, which is hereby withdrawn.

When the evidence presented at the evidentiary hearing is expressly considered, it remains the conclusion of the Magistrate Judge that Petitioner suffered no prejudice from what was done by his counsel in omitting a claim of voluntary intoxication. Even if Dr. Kandiko, had testified at trial,

his testimony would have been speculative.  Neither he nor Dr. Ort could offer an opinion as to whether Petitioner was intoxicated at the time of the murders because there is no evidence of how much cocaine or alcohol he consumed and at what times on the day of the murders.  While Dr. Kandiko's testimony at the evidentiary hearing was a thorough explanation of what cocaine and alcohol together **can** do, relating that testimony to what happened in this case is a matter of speculation.  That, combined with Petitioner's apparent lack of intoxication after the murders and the methodical way in which the murders were carried out, leads to the conclusion there was no ineffective assistance in failing to present this defense.

### Fourth Claim for Relief

> Petitioner's right to due process was violated by the ineffective assistance of counsel at trial when trial counsel failed to develop and present evidence regarding the mental status of petitioner at the penalty phase of his capital trial.

### Fifth Claim for Relief

> Petitioner's right to due process was violated by the ineffective assistance of trial counsel in failing to present mitigating evidence at the penalty phase of his capital trial.

Petitioner argues the Fourth and Fifth Claims for Relief together (Objections, Doc. No. 45 at 17-28).  Petitioner contends that his counsel were ineffective during the penalty phase when they failed to develop and present evidence regarding Petitioner's mental status in addition to their failure to present other relevant mitigating evidence. *Id*.  In addition to his previous argument, Petitioner relies on *Rompilla v. Beard*, __ U.S. ___, 125 S. Ct. 2456 (2005), which had not been decided when the Report was filed.

Respondent argues  that a pharmacologist was not necessary as defense counsel presented

an expert witness who testified to Tibbetts' consumption of drugs and alcohol and the possible effects of this consumption on his state of mind. (Respondent's Response, Doc. No. 47 at 8) Additionally, Respondent argues that the fifth ground for relief was properly decided as defense counsel did present mitigation through Dr. Weaver's testimony as well as through Petitioner's unsworn statement, and that the information contained in the affidavits were merely cumulative to what was actually testified too. *Id*. at 9-10.

The Report sets forth the evidence presented at trial on the same topics which counsel are alleged to have been ineffective for failure to present. For the reasons already stated in the Report and Recommendations, Petitioner has failed to establish that failure to present the additional evidence was prejudicial. While the *Rompilla* case strongly supports close examination of the effectiveness of trial counsel in capital cases, it does not find ineffective assistance in a situation analogous to that presented here.

### Eighth Claim for Relief

> (Discovery-Failure of Prosecutor to provide evidence of violent past of victim)
> Petitioner's right to due process was violated by the prosecutor's failure to provide exculpatory evidence of the victim's violent history at his capital trial.

### Ninth Claim for Relief

> (IAC-Failure to investigate victim's violent past)
>
> Petitioner's right to due process was violated by the ineffective assistance of trial counsel in failing to investigate, discover and present evidence of the victim's prior history of violence at his capital trial.

(Objections, Doc. No. 45 at 28.)

The Magistrate Judge has no additional analysis to offer on these claims beyond what is

offered in the Report and Recommendations. Most critically, there is no evidence that the State knew of the victim's past record and Petitioner admitted in his own Affidavit that he knew of the prior violence. If the evidence in question was known to Petitioner, it cannot be *Brady* material. Nor has any prejudice been shown. Although there were two victims, the jury did not recommend the death penalty as to Jill Crawford-Tibbetts, the victim in question. It is not contended that a defense of self-defense would have been available to support an acquittal, so it is unclear what utility additional evidence about her background would have been.

### Nineteenth Claim for Relief

(Appellate IAC)

> Petitioner's right to due process was violated by the ineffective assistance of counsel in Petitioner's direct appeal to the Ohio Supreme Court.
>
> (Proposition of Law No. 21): The trial court erred when it provided a "no sympathy charge" to the jury in the guilt and mitigation instruction, in violation of Mr. Tibbett's rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.
>
> (Proposition of Law No. 31): The trial court erred when it failed to consider all relevant information, which supported the imposition of a sentence of less than death, in violation of Mr. Tibbett's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

(Objections, Doc. No. 45 at 30-31.)

In his Nineteenth Claim for Relief, Petitioner asserted ineffective assistance of appellate counsel for failure to raise numerous propositions of law in the Ohio Supreme Court. All but four of those were withdrawn as of the time the Report and Recommendations were filed. The Magistrate Judge recommended denial of this claim for relief and Petitioner now objects as to two of the omitted propositions of law as set forth above.

As to omitted Proposition of Law No. 21, Petitioner notes that the jury instructions given here required the jury to "eliminate sympathy during your deliberations." (Apx. Vol. XV, Mitigation Phase at 1580.) Petitioner concedes that the United States Supreme Court has approved a jury instruction requiring a capital jury to avoid basing its decision on "mere sympathy." *California v. Brown*, 479 U.S. 538 (1987).

In giving the instruction he did, the trial judge was following the standard pattern instructions in Ohio. The claim that the standard instruction to disregard sympathy is unconstitutional was rejected by this Court on the basis of *California v. Brown* in *Depew v. Anderson*, 104 F. Supp. 2d 879 (S.D. Ohio 2000), *aff'd*, 311 F.3d 742 (6th Cir. 2002). *Accord, Byrd v. Collins*, 209 F. 3d 486 (6th Cir. 2000); *Mapes v. Coyle,* 171 F. 3d 408, 414-15 (6th Cir. 1999); *Scott v. Mitchell*, 209 F. 3d 854 (6th Cir. 2000). Thus Petitioner's objection here is precluded by precedent.

As to omitted Proposition of Law No. 31, Petitioner argues that the trial court did not **consider** certain presented mitigating evidence. As evidence therefor, Petitioner recites only the omission of a discussion of such evidence in the trial judge's opinion. Without question, the evidence was of record and was considered by the Ohio Supreme Court in the reweighing process. This is simply not a case where the trial judge limited the mitigating evidence which was admitted into evidence. No United States Supreme Court precedent requires that a trial judge opinion in a capital case recited all of the mitigating evidence which is being considered.

### Twenty-Ninth Claim for Relief

(Reasonable Doubt Instruction - Penalty Phase)

> Petitioner was denied due process when the trial court applied Ohio's statutory definition of reasonable doubt in the mitigation phase of his capital trial.

(Objections, Doc. No. 45 at 36.)

Petitioner offers no additional analysis here, but relies on the argument already made in his Traverse 199-124.  Thus Petitioner has merely preserved this claim for appeal.  As noted in the Report and Recommendations, this claim is precluded by precedent (Doc. No. 44 at 80).

## Conclusion

Accordingly, it is again recommended that the Petition be dismissed with prejudice.

February 14, 2006.

s/ <b>Michael R. Merz</b><br>Chief United States Magistrate Judge