# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAYMOND TIBBETTS,

        Plaintiff,             :        Case No. 1-03-cv-114

                                 District Judge Susan J. Dlott
    -vs-                      Chief Magistrate Judge Michael R. Merz

                         :

MARGARET BRADSHAW, Warden,

        Defendant.

---

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

---

This capital habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (Doc. No. 55) and Respondent's Memorandum in Opposition (Doc. No. 58). Petitioner seeks a certificate of appealability as to Claims Three, Four, Five, Eight, Nine, two sub-sections of Claim Nineteen (ineffective assistance of appellate counsel), and Twenty-Nine, the claims on which he filed Objections to the Magistrate Judge's original Report and Recommendations on the merits.

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;

or
        (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only
if the applicant has made a substantial showing of the denial of a
constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate
which specific issue or issues satisfy the showing required by
paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases.

*Lyons v. Ohio Adult Parole Authority*, 105 F. 3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101

F. 3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers

on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F. 3d 949 (6th Cir.

1997)(adopting analysis in *Lozada v. United States*, 107 F. 3d 1011, 1017 (2d Cir. 1997). Issuance

of blanket grants or denials of certificates of appealability is error, particularly if done before the

petitioner requests a certificate. *Porterfield v. Bell,* 258 F. 3d 484(6th Cir. 2001); *Murphy v. Ohio*,

263 F. 3d 466 (6th Cir. 2001).

        To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason

would find it debatable whether the petition states a valid claim of denial of a constitutional right."

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is,

it must find that reasonable jurists would find the district court's assessment of the petitioner's

constitutional claims debatable or wrong. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the

district court dismisses the petition on procedural grounds without reaching the constitutional

questions, the petitioner must also show that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The

procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529

U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L.

Ed. 688 (1936)(Brandeis, J., concurring).  The first part of this test is equivalent to making a

substantial showing of the denial of a constitutional right, including showing that reasonable jurists

could debate whether the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S.

473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S.

880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).  The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional
> claim, a COA should issue (and an appeal of the district court's order
> may be taken) if the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the
> denial of a constitutional right, and that jurists of reason would find
> it debatable whether the district court was correct in its procedural
> ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

> The standard is higher than the absence of frivolity required to permit an appeal to

proceed *in forma pauperis.  Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the
> merits... Rather, he must demonstrate that the issues are debatable
> among jurists of reason;  that a court could resolve the issues [in a
> different manner];  or that the questions are 'adequate to deserve
> encouragement to proceed further.'

*Id.* n.4.  *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931

(2003).  A certificate of appealability is not to be issued pro forma or as a matter of course.  *Id*. at

1040.  Rather, the district and appellate courts must differentiate between those appeals deserving

attention and those which plainly do not. *Id*.  A blanket certificate of appealability for all claims is

improper, even in a capital case.  *Frazier v. Huffman*, 348 F. 3d 174 (6th Cir. 2003), *citing*

*Porterfield v. Bell,* 258 F. 3d 484 (6th Cir. 2001).

The claims on which Petitioner seeks a certificate of appealability are considered seriatim

below.

## Ground Three

In Ground Three, Petitioner claims he was denied ineffective assistance of counsel by his trial attorneys' failure to present a defense of voluntary intoxication.  The Magistrate Judge recommended that this Ground for Relief be denied because Petitioner was unable to show the requisite prejudice required by *Strickland v. Washington*, 466 U.S. 668 (1984), in that no evidence was presented at trial of the amount of cocaine or alcohol consumed by Petitioner and the times it was consumed on the day of the murders.  Even at the evidentiary hearing, Petitioner's experts could not offer an opinion on whether Petitioner was in fact intoxicated because of the lack of predicate evidence.

Petitioner explains in the Motion the mechanisms by which the combined effects of cocaine and alcohol might impact murderous conduct, to wit, that cocaine induces rage and alcohol lowers inhibitions.  However, he also cites the Ohio law which sets the standard for a voluntary intoxication defense.  Neither expert was prepared to testify that Petitioner met that standard.  It may be, as Petitioner states, that Dr. Kandiko's explanation of how cocaine and alcohol could work together to impact Petitioner's behavior is a more sensible standard for voluntary intoxication.  However, it is not the Ohio standard.  Because trial counsel did not have the evidence sufficient to prove voluntary intoxication, they cannot be faulted for failure to request an instruction on it.  Moreover, Petitioner's evidence at the evidentiary hearing before this Court did not establish that, had trial counsel investigated further, they would have found sufficient evidence to ground a voluntary intoxication defense.

Reasonable jurists would not disagree with this Court's determination on the merits of Ground Three for Relief and thus a certificate of appealability should not issued on Ground Three.

United States District Court for the Southern District of Ohio
Western Division at Dayton

**Grounds Four and Five**

Petitioner argues Grounds Four and Five together, asserting he was denied effective assistance of counsel by the failure to present a pharmacological expert and a psychologist in the mitigation phase of the trial.

While the Court remains convinced of the correctness of its decision on these Grounds, it cannot say that no reasonable jurist would disagree, particularly given the state of Supreme Court law with respect to ineffective assistance of counsel in mitigation. *See Rompilla v. Beard*, 162 L. Ed. 2d 360, U.S. , 125 S. Ct. 2456, 2471 (2005).

Accordingly, it is respectfully recommended that a certificate of appealability issue on Grounds Four and Five.

**Grounds Eight and Nine**

Although Petitioner states (Motion, Doc. No. 55, at 3) that he is seeking a certificate of appealability of Grounds Eight and Nine, he in fact makes no argument in support on those two Grounds for Relief. Accordingly, he has not established that reasonable jurists would disagree with this Court's disposition of those two grounds and should be denied a certificate of appealability on both of them.

**Ground Nineteen**

In his Nineteenth Ground for Relief, Petitioner claims that he was denied the effective assistance of counsel on direct appeal to the Ohio Supreme Court. He seeks a certificate of

United States District Court for the Southern District of Ohio
Western Division at Dayton

appealability as to two sub-claims, to wit, that his appellate counsel did not raised the following two

propositions of law:

> (Proposition of Law No. 21): The trial court erred when it provided a "no sympathy charge" to the jury in the guilt and mitigation instruction, in violation of Mr. Tibbett's rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.
>
> (Proposition of Law No. 31): The trial court erred when it failed to consider all relevant information, which supported the imposition of a sentence of less than death, in violation of Mr. Tibbett's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

(Quoted at Objections, Doc. No. 45 at 30-31.)

The Court concluded it was not ineffective to fail to raise Proposition of Law No. 21 because

the jury instruction in question had been held proper by this Court in *Depew v. Anderson*, 104 F.

Supp. 2d 879 (S.D. Ohio 2000), aff'd, 311 F.3d 742 (6th Cir. 2002), and by the Sixth Circuit in *Byrd*

*v. Collins*, 209 F. 3d 486 (6th Cir. 2000); *Mapes v. Coyle,* 171 F. 3d 408, 414-15 (6th Cir. 1999);

and *Scott v. Mitchell*, 209 F. 3d 854 (6th Cir. 2000).  All of these decisions are supported by the

Supreme Court's decision in *California v. Brown*, 479 U.S. 538, 541 (1987).  While Petitioner

purports to be seeking a certificate of appealability as to this sub-claim, he in fact makes no

argument in its favor and thus has not demonstrated his entitlement to a certificate.

With respect to Proposition of Law No. 31, this Court concluded it was not ineffective

assistance of appellate counsel to fail to raise this claim because (1) the record did not establish that

the trial judge had failed to consider the referenced mitigation evidence but was in fact silent on the

point, and (2) any error was harmless because the Ohio Supreme Court expressly reweighed the

evidence giving consideration to the evidence not discussed by the trial judge.

While the Court remains persuaded that its decision on this point is correct, it agrees that the

issue is debatable among reasonable jurists.  It is therefore respectfully recommended that a

certificate of appealability issue on this sub-claim of Ground Nineteen.


**Ground Twenty-Nine**


In Ground Twenty-Nine, Petitioner objects to Ohio's statutory definition of reasonable doubt

in the penalty phase.  As was true in his Objections to the original Report and Recommendations on

this Ground for Relief, Petitioner makes no additional argument.  This Ground for Relief is

precluded by extensive precedent.  See, e.g., *Binder v. Stegall,* 198 F. 3d 177 (6th Cir. 1999).

Petitioner has made no showing that reasonable jurists would disagree with this conclusion and has

therefore not shown his entitlement to a certificate of appealability on this claim.


Conclusion

For the reasons stated, this Court should issue a certificate of appealability on Petitioner's

Fourth and Fifth Grounds for Relief and on the sub-claim of his Nineteenth Ground for Relief which

claims error in failure to plead Proposition of Law 31.  In all other respects, the Motion for

Certificate of Appealability should be denied.


June 5, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written
objections to the proposed findings and recommendations within ten days after being served with
this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically
extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because
this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C),

or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).